UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES EARL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00936-NCC |
| ) | |
| CITY OF ST. LOUIS PUBLIC LIBRARY ) | |
| and PUBLIC SAFETY DIRECTOR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff James Earl Wilson to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## The Complaint

Plaintiff brings this action on a Court-provided civil complaint form against defendants the City of St. Louis Public Library and the public safety director. He states this Court has subject matter jurisdiction because the case involves a federal question under the United States Constitution.

On July 25, 2023, plaintiff was smoking a cigar on a public sidewalk outside the downtown branch of the St. Louis Public Library. He was approached by a public safety director who asked plaintiff to "move across the street to smoke, you are on library property." Plaintiff responded that he was on a public sidewalk and not on library property.

When plaintiff refused to move across the street, the public safety director barred plaintiff from the downtown branch of the St. Louis Public Library for seven days. Plaintiff responded that he would be filing a complaint with the court. Plaintiff attempted to file a complaint at another courthouse, but was eventually directed to the Thomas F. Eagleton United States Courthouse.

For relief, plaintiff seeks "two gazillion American dollars" and a public apology.

## Discussion

Plaintiff's complaint is subject to dismissal on initial review for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Although plaintiff is not entirely

specific as to which constitutional right he believes the public safety director violated, he seems to allege he had a constitutional right to smoke on a public sidewalk. The United States Court of Appeals for the Eighth Circuit and several of its sister circuits have consistently found no constitutional right to smoke on premises open to the public. *See Steele v. County of Beltrami, Minn.*, 238 F. App'x 180, 181 (8th Cir. 2007) ("[P]laintiff's fail to provide any sound legal argument or authorities supporting their claimed constitutional rights to smoke or to control smoking on premises they have opened to the public, and we decline their invitation to create one."). The Eighth Circuit has stated that it has found no relevant authority supporting the right to smoke under any theory, and several state and municipal smoking regulations have survived constitutional challenges. *Id.* (collecting cases).

Because the Court finds that plaintiff had no constitutional right to smoke on the public sidewalk in front of the St. Louis City Public Library, it will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and the filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of July, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE